March 5th, 1906.

———————o———————

No. 3826.

Court of Appeal, Parish of Orleans.

J. ROSENBERG CO., LTD., vs. SIDNEY F. LEWIS.

1. Where it appears that proof exists material to the issue but not furnished from misapprehension or other cause, not implying a desire to withhold the proof or gross neglect on the part of the litigant, in such cases, in furtherance of justice, the Court will remand the cause.
2. It is clear that, in this case, certain proof is available which, through inadvertence, was not produced and, while the district Judge properly non-suited the plaintiff, we think that sound discretion and the interest of justice require a remanding of the cause.

Appeal from the Civil District Court, Division "E."

David Rosenberg, for Plaintiff and Appellant.

Merrick, Lewis & Gensler, for Defendant and Appellee.

DUFOUR, J. The plaintiff alleged that defendant's wife purchased from it to the amount of $219.05/100 "goods and merchandise being of such kinds and qualities as enter into the usual and daily use of ladies and children and are necessary to their comfort and uses."

It is further averred that by payments on account the amount has been reduced to $109.05/100, for which judgment is asked against the defendant.

Pursuant to the sustaining of an exception of no cause of action with leave to amend, the averment was made by supplemental petition that defendant's position in life and his means

were such as to warrant the purchase of said articles by and through the wife as necessities of the house and family, and that the head of the community is liable therefor, as he failed to supply the same.

The testimony shows that defendant was not notified of the opening of the account by his wife and that he knew nothing about it until the debt had been incurred; no bill was ever sent to and no payment was ever made by him.

The account runs from August 8th, 1903, to March 16th, 1904. The only witness produced to prove delivery who says he quit working for plaintiff "in October" without specifying the year, and that he delivered goods to defendant's house in August, September, October, January and February.

Assuming that he worked for plaintiff in 1903 and 1904, there is no proof in the record that any delivery of goods was made in November and December, 1903, and March, 1904.

The amounts due for August, September and October, 1903, aggregate $54.42; those for January, $30.32; those for February, $10.73; a total of $95.47, value of the goods claimed to have been sold during these months. The payments on account made by Mrs. Lewis are more than sufficient to cover the amount shown to have been delivered, and we are left absolutely in the dark as to what other articles were delivered and what their value may be.

It is true that Julius Rosenberg, the plaintiff's credit man and manager, says he knew that the goods were sent out by the wagon, but he does not state that he supervised the loading of all the goods sent out and assigns no particular reason why he should remember these particular goods.

He takes it for granted that they were delivered "unless some claim be made for shortage." He knows nothing about purchases because he does not wait on customers, and sees nothing but the check brought to him to sign.

"Where it appears that proof exists material to the issue but not furnished from misapprehension or other cause not implying a desire to withhold the proof or gross neglect on the part

"of the litigant, in such cases, in furtherance of justice, the Court will remand this cause."

47 An. 1538-1st Crt. of App. 212, 282.

It is clear that in this case certain proof is available which through inadvertance, was not produced, and while the district Judge properly non-suited the plaintiff, we think that sound discretion and the interest of justice require a remanding of this cause, instead of compelling the plaintiff to bring another suit.

We may not properly, by anticipation, express any view as to the interesting question discussed at bar in reference to the shifting of the burden of proof to the party having exclusive knowledge of certain facts, after the plaintiff has satisfactorily shown delivery of such goods as, on the face of the bills, appear to be necessaries.

It is therefore ordered that the Judgment appealed from be reversed and the cause remanded for trial in accordance with the views herein expressed, the evidence in the record to remain without being re-offered, that both parties may introduce such further competent evidence as they desire, the cost of appeal to be paid by defendant, and those of the lower Court to await the final determination of the cause.